## MEAD, respondent, *vs.* MEAD and MEAD, appellants.

Whether, upon the reversal of a decree of a surrogate, admitting an instrument to record and probate, as a will, this court is limited in rendering judgment, to a reversal of the surrogate's decree, with an award of costs, or may go further, and adjudge that the instrument was not duly executed as a will, and is therefore null and void ?  *Quære.*

Assuming that it has power to make such a disposition of the case as the surrogate ought to have made, it is not bound to do so, but may exercise a discretion on the subject.  It is only when it is apparent that all the evidence, which exists in the case, has been produced, or there is some special reasons for it, that the court should go beyond a judgment of reversal, with a direction as to costs.

When there is no conflict in the testimony before the surrogate, in reference to the execution of a will, the question whether it was duly executed is one of law.

THIS case came before the court by appeal from a decree or order of the surrogate of the county of Cayuga, admitting to record and probate, an instrument propounded as the will of Israel Mead, deceased.  Upon the hearing of the appeal, this court directed a reversal of the decision of the surrogate, on the ground that there was no evidence that the deceased subscribed the instrument in question, in the presence of each of the attesting witnesses, or acknowledged to each, that he subscribed the same ; and further directed that costs should be allowed to the appellants, to be paid out of the estate of the deceased.  The attorney for the appellants prepared and caused to be entered, a judgment, declaring after the ordinary recital, that " it is ordered and adjudged that the said decree or order of the said surrogate be, and the same is hereby reversed, annulled, and altogether held for nothing.  And it is further ordered and adjudged, that the said instrument in writing, so propounded as and for the last will and testament of Israel Mead, deceased, was not executed and attested in the manner prescribed by law for the execution and attestation of last wills and testaments.  And it is further adjudged, that the said instrument in writing is utterly null and void, as and for the last will and testament of the said Israel Mead.  And it is further ordered, that the costs of the appellants in this court, be paid out of the estate of the decedent, when letters of administration shall have been granted thereon."

Mead *v.* Mead.

A motion was now made on the part of the respondent, upon the papers in the cause, and on an affidavit of his counsel, for a modification of the judgment, by striking out all beyond a reversal of the decree of the surrogate, or for such other or further relief as the court might see fit to grant.

*George Rathbun,* for the respondent.

*P. G. Clark,* for the appellants.

*By the Court,* T. R. Strong, J.   The revised statutes, (vol. 2, p. 66, §§ 55 to 62 inclusive, and page 608, §§ 90 to 98 inclusive,) authorized an appeal to be made to a circuit judge from the decision of a surrogate, admitting or refusing to admit, a will to record or probate, and prescribed the proceedings to be taken on the appeal.   Among other things, they provided that the circuit judge should affirm or reverse the decision of the surrogate as should be just.   If he affirmed the decision, he was to award costs, to be paid by the party appealing, either personally or out of the estate of the deceased, as he should direct.   If he reversed the decision upon a question of law, costs were in like manner to be awarded against the party maintaining the decision of the surrogate, either personally or out of the estate of the deceased.   Such affirmance, or such reversal upon a question of law, with the award of costs, was to be certified to the surrogate, who was to enforce the payment of the costs.   If the circuit judge reversed the decision of the surrogate on a question of fact, it was directed that an issue was to be made up to try the questions arising upon the application to prove the will. From the decision of the circuit judge, when no issue was directed, an appeal lay to the court of chancery, which court was directed to prescribe by rule the course of practice thereon. (2 *R. S.* 609, § 100, *p.* 611, § 120.)   It will be seen by this brief statement, that under the revised statutes, the power of the circuit judge, in respect to the decision to be made by him, was limited to a reversal or affirmance of the decision of the surrogate, with costs ; that when the reversal was upon a ques-

tion of law, the reversal was to be certified to the surrogate, and when upon a question of fact, an issue was to be made up ; and that he could make no other or further decision. (*See Stewart's Executors* v. *Lispenard*, 26 *Wend.* 318 *to* 324.) But the power of the court of chancery, upon appeal from the decision of the circuit judge, was not thus limited; and that court undoubtedly, by virtue of its general jurisdiction, and having the whole case before it by the appeal, had authority not only to reverse or affirm the decision of the circuit judge, and that of the surrogate, but upon reversing the surrogate's decree, to make such a decree as the surrogate ought to have made. It had power to declare the instrument valid or void as a will, and to adjudge that it be or be not admitted to probate. (*Stewart's executors* v. *Lispenard, above cited. Brinckerhoof* v. *Remsen,* 8 *Paige,* 502 ; *same case on appeal,* 26 *Wend.* 325, 340. *Chaffee* v. *Baptist Missionary Convention,* 10 *Paige,* 85, 92, 93.) Under our present judicial system, the appeal which was to be made to the circuit judge, by the provisions above referred to, is to be made to this court. (*Judiciary act, Laws of* 1847, *p.* 324, § 17.) And by the same section these provisions are to apply to such appeal, so far as the same are applicable and consistent with the constitution and the provisions of that act. The appeal in the present case was made under those provisions, and the section of the judiciary act above given. This court had, therefore, all the powers in relation to the appeal, which belonged to a circuit judge upon a like appeal to him, and might make the same decision which he could have made. Perhaps also, it had the same powers upon the appeal, which belonged to the court of chancery upon appeal from the decision of a circuit judge, pursuant to the aforesaid provisions, and might finally determine the case.

By the 6th article of the constitution, and the 16th section of the judiciary act, (*Laws of* 1847, *p.* 323,) this court is invested with the powers and jurisdiction which were possessed by the court of chancery ; and all laws relating to that court, its jurisdiction, powers and duties, are applicable to this court, its powers and duties, so far as the same can be so applied, and are

---
Mead *v.* Mead.
---

consistent with the constitution and said act. The effect of the constitution and judiciary act may be to unite in this court, in respect to such an appeal, all the powers of the circuit judge upon appeal from the surrogate, and of the court of chancery upon appeal from the circuit judge. Unless this effect has been produced, it is very clear that the judgment in this case, as entered, goes further than was authorized. It is not necessary now to decide the question suggested, as to the extent of the powers of the court in such a case ; for assuming that it had power to give such a judgment as has been entered in the present case, it was not required to go that length. It might have stopped with a reversal and an award of costs. Whether it would give a judgment more extensive than that, rested entirely within its discretion. That is the extent to which a circuit judge could have gone, and I see nothing in this case which calls upon this court to go further. In my opinion it would not be a sound exercise of discretion to do so. If the respondent has, as is alledged in the affidavit upon which the motion in part rests, further evidence, no reason is perceived why he should be concluded from commencing anew before the surrogate, and in that way having a new trial. It is only when it is apparent that all the evidence which exists in the case has been produced, or there is some special reason for it, that the court should finally dispose of the case.

It is proper to remark that this was not a case for directing an issue. The question presented upon the appeal being one of law purely—there was upon the evidence no question of fact. (*See cases before cited.*)

The judgment must therefore be limited to a reversal of the decree of the surrogate, with an award of costs to the appellants, and must be modified accordingly.

No costs are allowed to either party on this motion.

[Monroe General Term, September 6, 1852. *Selden, Johnson* and *T. R. Strong*, Justices.]