Whitbeck *v.* Patterson.

HARVARD LAW SCHOOL LIBRARY.

WHITBECK, executor, &c. and others *vs.* PATTERSON.

An application was made, to the surrogate, by W. executor, and others legatees of W. P., to prove his will. O. P. contested its validity, and the surrogate refused to admit it to probate. The applicants appealed to the supreme court, and that court reversed the decision of the surrogate, directed the will to be admitted to probate, and ordered the costs of O. P. to be paid out of the estate. These costs were paid. Subsequently O. P. appealed from the decision of the supreme court to the court of appeals. That court reversed the decision of the supreme court, and awarded a new trial, *with costs to abide the event.* The supreme court directed an issue to be formed, for the trial of the question of fact in reference to the proof of the will. A trial was accordingly had, before a jury, and the decision was in favor of the validity of the will. This decision being

certified to the surrogate, the will was admitted to probate. The executor and legatees then applied to the supreme court for costs of the appeals, and of the feigned issue; and for an order that O. P. repay the sum paid him for costs, in pursuance of the order of the supreme court which was reversed. *Held* that the supreme court had not lost its control over the case, but that it still had the power to impose upon the contestant the payment of the costs of the feigned issue. He was accordingly directed to pay those costs, and to refund to the executor the costs of the appeal to this court from the surrogate, which had been paid by the executor.

But it was *further held*, that this court had no control over the costs in the court of appeals, or power to direct the payment thereof by the contestant.

AN application was made to the surrogate by Whitbeck, executor, and others, legatees, to prove the will of William Patterson. Orrin Patterson, the respondent, contested its validity, and the surrogate refused to admit it to probate. The applicants appealed to the supreme court, and that court reversed the decision of the surrogate, directed the will to be admitted to probate, and ordered the costs of the contestant to be paid out of the estate. *These costs were paid.* Subsequently the contestants appealed from the decision of the supreme court to the court of appeals. That court reversed the decision of the supreme court, and awarded *a new trial, with costs to abide the event.* The supreme court ordered the questions of fact in reference to the proof of the will, to be tried at the circuit by a jury, on an issue formed for the purpose. A trial was had, and the decision was in favor of the validity of the will. This decision, upon the request of the applicants, was certified to the surrogate and the will was admitted to probate. The executor and legatees now applied for costs of the appeals, and of the feigned issue; and that Patterson repay the sum paid him for costs, in pursuance of the order of the supreme court which was reversed.

*H. R. Selden,* for the appellants.

*O. Hastings,* contra.

Whitbeck *v.* Patterson.

*By the Court,* T. R. STRONG, J.   The revised statutes pro-
vided for appeals to the circuit judge of the circuit, from decis-
ions of surrogates, either admitting, or refusing to admit, a will
to record or probate, and prescribed the powers and duties of
the circuit judge on the appeals.   (2 *R. S.* 66, §§ 55 *to* 62 *in-
clusive,* 608 ; §§ 90 *to* 99 *inclusive.*)   Provision was also made
by them for an appeal to the court of chancery, from the decis-
ion of the circuit judge in certain cases.   (*Ib.* 609, § 100.)  The
powers of the circuit judge in respect to awarding costs, were
particularly defined, and did not extend to all cases ; but the
court of chancery, on the case being brought into that court,
possessed the same general powers over the subject of costs as
in cases generally in that court ; upon a determination of it on
the merits, the costs were to be paid by such party as the court
should direct.   (*Ib.* 613, § 2.)   By the present judicial system,
neither the office of circuit judge nor the court of chancery has
existence, and appeals from decisions admitting or refusing to
admit wills to record or probate, are to be to this court.  (*Const.
Art.* 6, *Laws of* 1847, *p.* 324, § 17.)   And by the section last
cited, all laws respecting appeals are made applicable to such
cases, so far as they can be applied, and are consistent with the
constitution and the judiciary act.   The counsel for the contes-
tant insists, that this court takes the place of the circuit judge
upon such appeals, with the like powers only ; that the circuit
judge had not authority to impose costs on the contestant, in
cases like the present ; and therefore this court has not power
to charge him with the costs.   This position, I am satisfied, is
materially erroneous.   This court not only takes the place of
the circuit judge, but also that of the court of chancery, in re-
spect to such appeals.   It has all the powers of the circuit
judge in such cases, and also all the powers of the court of
chancery on appeal from that officer.   There is no express re-
striction of the court to narrower limits, and no manifestation
of an intention to curtail the remedy, or the authority of the
court, on appeals.   The only substantial change which has been
made, or was intended, is in regard to the tribunal to which the
appeals are to be made, and by which the powers of the former

tribunals are to be exercised. The appeals are to be directly to this court; all laws applicable are to be deemed to apply; and this clothes the court with all the powers of the court of chancery on appeal to that court. ( *Watts* v. *Aikin and others,* 4 *How. Prac. R.* 439. *Mead* v. *Mead,* 11 *Barb.* 661.)

I do not perceive why § 35 of *p.* 618, of the 2 *R. S.* is not also applicable to this case. That section provides, among other things, that upon appeals from surrogates' courts to the court of chancery, costs shall be paid by the appellant or respondent, as shall be directed by the latter court. It is one of the laws respecting appeals from surrogates, and with the others is applied to this court by § 17 above referred to, of the judiciary act. The case appears to me to be clearly within that provision.

This court has not, in my opinion, lost its control over the case. Strictly, after the trial of the issue, an application should have been made to the court, for the appropriate order and direction to the surrogate, embracing the subject of costs, and a certified copy of the proceedings and order sent to the surrogate. If that course had been pursued, the court would not be divested of its power over the case; the case would be still in this court; but it might form a ground of objection to the exercise of its power in granting the relief now sought. But application has not been made to the court for an order in the matter, until now; it is highly proper that the contestant should be charged with costs; and no good reason appears, I think, why the court should not now impose on him the payment of them.

With the costs in the court of appeals, however, this court has nothing to do. It belonged exclusively to that court to direct in regard to them, and it has made no direction, thereby leaving each party to pay his own costs in that court. The only direction given was, that this court award a new trial, with costs to abide the event. This does not embrace costs in the court of appeals, over which this court has no power.

The conclusion arrived at being in accordance with the direction of the court of appeals, the validity and effect of that direction need not be considered.

It is conceded that the costs of the contestant, on the appeal

to this court, were paid by the executor, in pursuance of the judgment of this court, before the reversal of that portion of it relating to the costs, and it is proper the amount paid should be refunded. There does not appear to be any good reason why restitution should not now be awarded. (*Safford* v. *Stevens*, 2 *Wend.* 164, 165.)

An order for the payment of costs, and for restitution, in accordance with this opinion, is therefore granted, to be settled by one of the justices of this court, on notice.

[CAYUGA GENERAL TERM, June 2, 1856. *T. R. Strong*, *Welles* and *Smith*, Justices.]