By the Court, Ingraham, P. J.
The appeal in this case is from a judgment at Special Term, decreeing that a certain will of John McKinley, deceased, was not executed or attested in the manner prescribed by law, and was therefore null and void.
The appeal also involves the decision of the motion for a new trial of a feigned issue ordered to be tried at the circuit; and this order is the main ground of appeal, in the case.
There can be no doubt as to the correctness of the judgment, if the verdict and findings on the feigned issue are sustained.
The questions submitted to the jury were: 1st. Whether the paper purporting to be a will was signed by the testator. 2d. Whether it was signed in the presence of the witnesses. 3d. Whether the testator did declare to the witnesses, that the same was his last will and testament; and 4th. Whether the testator requested the witnesses to sign their names as witnesses thereto.
The first point made by the appellant is, that the verdict is against evidence. If no error was committed on the trial, this ground cannot be made available for a new trial. There was much contradictory evidence on all the questions submitted to the jury, except the first and.second, which related merely to the signatures of the testator and witnesses. Whether the testator declared the paper to be his last will, in the hearing of the witnesses, and whether he requested them to sign it, as witnesses, were questions of fact specially belonging to the jury. Their verdict should not be interfered with, if there was no error of law on the part of the court.
*195 It is apparent from the whole evidence, that the testator did not, in words, say to the witnesses that it was his will, and did not request them to sign as such witnesses. Unless what took place at the time was equivalent to such declaration and request, then the finding of the jury was right.
Where there is contradictory evidence, or where the opinion of the jury is to be formed from attendant circumstances, then it is manifestly proper that the court should not interfere with the finding of the jury on the facts. In this case there is no reason why we should interfere with the verdict as being against the evidence.
These remarks also apply to the question whether the formalities prescribed by the statute were complied with.
So far as relates to Crawford, there is evidence that the testator, in his presence, spoke of the paper as his will. As to the other witnesses, they heard nothing from the testator as to its being his will, although they were both there to witness a will, as they had been told by the nephew. Whatever therefore may be the conclusion of our minds on the questions thus submitted to the jury, we are clear that there is no ground on which we can say that the verdict is against the evidence.
Was there any error of law committed on the trial? The exceptions at folios 52 and 53 were only to the form of the questions, which were fully answered to the next questions. The 3d exception, at folio 84, was as to the age of the testator. It was a proper question where the due execution of the will was attempted to be made out by circumstantial evidence. The 4th exception is not in folio 39. If it be the one at folio 102, there was no ground for it. It was a conversation between the witness and the deceased, and was therefore inadmissible. The inquiry at folio 106 was proper. Evidence had been given of the reading of part of the will in the presence of the testator, for the purpose of urging that it was *196 understood by the testator and witnesses that the paper was his will. On that question the state of his hearing was properly put in evidence. This remark also applies to the next question excepted to at folio 109, as to the age of the testator, and that at folio 110. The question at folio 145, whether the testator’s head was injured, was immaterial, and the exception fails, because the witness answered that he did not know.
It was suggested that there was error in the charge, in stating that the witnesses were not to understand from third persons, but from the testator, that they were to be witnesses. There was no error in this, when the residue of the charge is examined. It was merely that such a communication, made to them out of the hearing and presence of the testator, was not sufficient to be considered a publication of his will.
We see nothing in the residue of the charge that could be considered erroneous.
On the trial of a feigned issue, the facts are expressly to be found by the jury. • It seems hardly consistent, when the issue is sent to a jury to be tried, that the court should direct a verdict on matters of law. Such questions should be submitted to the court, on the application for judgment on the verdict.
In regard to the refusals to charge as requested, it is sufficient to say that they all relate to the fact testified to by Crawford, that he read part of the will in the presence of the testator. In réply to such requests, the jury was instructed that the reading of the will was to be taken into consideration in determining the questions, with the other circumstances, but that the mere reading of the will does not necessarily amount to a publication or request. This was not erroneous. The judge submitted the fact of reading the will, as a circumstance, with others, from which they were to find whether there was any such publication.
*197 [First Department, General Term, at New York,
November 4, 1872.
Ingraham. and Learned, Justices,]
We see no error in the trial oí the issues, or in the subsequent order and judgment, which would warrant ns in granting a new trial. (See Marvin v. Marvin, 4 Keyes, 9.)
The judgment should be affirmed.