IN THE MATTER OF PROVING THE LAST WILL AND TESTAMENT OF
EBENEZER C. CAMPBELL, DECEASED.

*Trial of issues, settled by an order of the General Term reversing a decree refusing probate of a will — the Circuit Court can only certify the verdict to the surrogate — it cannot grant costs — Code of Civil Procedure, secs.* 2588, 2589.

Where, upon an appeal from a decree of a surrogate refusing probate of a will, the decree is reversed and issues are ordered to be and are subsequently tried and a verdict is rendered in favor of the proponent, the Circuit Court, before which the issues are tried, can only certify the verdict to the surrogate; it cannot order a judgment to be entered for the proponent and award to him costs and an extra allowance.

The probate of the will is to be granted or refused by the surrogate. How the costs are to be payable may be decided by the General Term, which heard the appeal from the decree, and if no direction is given by the General Term it may be decided by the surrogate.

**418** MATTER OF CAMPBELL.

APPEAL from an order made at the Washington County Special Term and Circuit, ordering that judgment be entered herein in accordance with a verdict, and for costs of the proceedings in the Washington County Surrogate's Court at the rates allowed for similar services in an action brought in this court, and for costs of an appeal from the decree of the Surrogate's Court to the General Term of this court, and costs in the Supreme Court subsequent to the order of the General Term, to be paid by the contestants personally. Proceedings were commenced in January, 1882, in the Surrogate's Court of Washington county, for the probate of an instrument alleged to be the last will of E. C. Campbell. The proponents appealed from a decree of the Surrogate, refusing to admit the will to probate, to the General Term which reversed the decree of the surrogate, and directed the trial of the issues of fact by jury at circuit. Such trial was had October, 1887, and the jury rendered a verdict sustaining the genuineness of said will. Thereupon the proponents made a motion, before the justice holding the circuit, to have the costs awarded in their favor against the contestants personally, before the surrogate, upon the appeal to the General Term, and upon the trial at circuit, and for an additional allowance, which motion resulted in the order appealed from.

*A. D. Wait*, for the contestants, appellants.

*D. M. Westfall*, for the proponents, respondents.

LEARNED, P. J.:

Probate of the will was refused by the surrogate. On appeal the decree was reversed and issues were ordered to be tried. (Code § 2588.) The issues were settled in the order of reversal and were subsequently tried. The verdict on these issues was in favor of the proponent. Thereupon the proponent obtained an order for judgment and for costs from the circuit judge, from which order the opponents appeal. The order was irregular. Section 2588 is but a re-enactment, in substance, of 2 Revised Statutes (m. p. 66, § 73 [57]). And section 75 (59) shows that the verdict of the jury was to be certified to the surrogate, who was to make his decree accordingly. That is the proper course now. The Circuit Court, before which the issues are tried, has only to certify the verdict to

the surrogate. Action thereon should be had by that officer. There is nothing in section 2585 which contradicts this view. That section makes the appeal from the Surrogate's Court similar to appeals from a County Court. In such appeals, if the judgment below is reversed, the case is sent back for a new trial. So in this case; only the new trial is to be had before a jury, instead of being had before the surrogate. And a jury trial is had before a court suitable for that purpose. But after the issues have been decided, then it is the surrogate who grants or refuses probate accordingly. So the subject of costs is provided for by section 2558, which in its first subdivision refers to the provisions of section 2589. Thus the matter of costs rests with the surrogate, unless the appellate court has acted when it decided the appeal. The right to give costs of the appeal is with the General Term which heard the appeal. (Sec. 2589). How those costs are to be payable may be decided by that court, or if such direction is not given, then by the surrogate. But the Circuit Court and Special Term have nothing to do with the rendering of a decree of probate or with the granting of costs.

The order is reversed, with ten dollars costs and printing disbursements, without any prejudice to the action of the surrogate on the verdict and as to costs.

LANDON and INGALLS, JJ., concurred.

Order reversed, with ten dollars costs and printing disbursements, and motion for order denied, with ten dollars costs, to be paid to appellant by respondent, without prejudice to any action of the surrogate in this matter, and on the subject of costs.