NEW YORK COUNTY.—HON. RASTUS S. RANSOM, SURROGATE.—January, 1889.

MATTER OF ELLIS.

*In the matter of the application for the revocation of the probate of the will of* ANTHONY ELLIS, *deceased.*

Persons duly cited by publication in proceedings for the probate of a will, if they wish to raise questions as to the validity and construction of its provisions, must do so in that proceeding, not afterwards upon an application for the revocation of probate.

PETITION by James Ellis and Annie F. Guider for the revocation of the probate of the will of Anthony Ellis, deceased.

CLIFFORD BOESE, *for the petitioners.*

FOSTER & THOMPSON, DANIEL DALY, BERGEN & DYKMAN, ROBERT J. MAHON, JOHN J. GLEASON, *and* WILLIAM H. FIELD, *for various respondents.*

THE SURROGATE.—Assuming that the petitioners stand in the relation to the testator which they claim, and have a right to invoke the intervention of the court, they can, in the view I take of the matter, be entitled only to such relief as might be obtained in a proceeding for revocation of probate, brought under article 2, tit. 3, c. 18, Code Civil Procedure. From the

papers submitted by the petitioners, taken in connec-
tion with those filed in the proceeding in which the
will was probated, it appears that the brother of the
testator, whose children are the present applicants,
died previously to the death of the testator. They
were, therefore, proper parties to the proceeding for
the probate of the will, and as such were duly cited
by publication under the general designation of " heirs
and next of kin of deceased, whose names and places
of residence were unknown." The order for publica-
tion was based on a petition alleging the existence of
such heirs and next of kin, and setting forth, in ac-
cordance with the requirements of section 2518 of the
Code, the fact that after diligent inquiry their names,
as well as their residences, could not be ascertained by
petitioner. The court, having been satisfied with the
sufficiency of the petition for the purpose, granted the
order. The petitioners were therefore regularly cited
in the probate proceeding, as were also the two respond-
ents who file answers attacking the validity of certain
of the dispositions of the will. The petitioners, are,
of course, at liberty to avail themselves herein of the
allegations in the petition as to the sufficiency of the
execution of the will. Any question, however, affect-
ing the validity of the provisions of the will, or their
construction, they are, in view of what I consider to
be the proper nature and scope of this proceeding,
precluded from raising now. In the proceeding for the
probate of the will, was the proper place to present
such question. Sections 2647 and 2653 of the Code,
which under the circumstances they mention, authorize
the revocation of the probate of a will of personal

estate, do not, nor does the title of which they form part, afford any warrant for determining, in the proceedings to which they relate, the validity, construction, or effect of any disposition of property made by a will.   See note to section 2647.   Code Civil Procedure (Throop's Edition).   The cases which have been cited by the applicants lend no support to the contrary view.