1. SUPREME COURT—AFFIRMANCE OF SURROGATE'S DECREE — TRANSMISSION OF PAPERS.

   A surrogate's decree was affirmed on appeal to the supreme court, which also irregularly rendered a judgment directing the surrogate to enter the decree. The papers were transmitted to the surrogate's court, as directed by Code Civ. Proc. § 2585, where such decrees are merely affirmed. On appeal from the judgment of the supreme court and the decree of the surrogate's court to the appellate division, the proceedings in both courts were affirmed; but the question as to the irregularity of the judgment directing the entry of the decree was not raised. *Held*, that the papers of

the surrogate's court should not be retransmitted to the supreme court to have the judgment of affirmance entered therein.

2. SAME.

On appeal from a surrogate, where issues of fact are tried in the supreme court, after verdict rendered, and a decision, the papers must be remitted to the surrogate, under Code Civ. Proc. § 2585, that his decree may be rendered.

. In the matter of the will of Kate L. Laudy, deceased, an application is made for an order that the clerk of the surrogate's court return to the clerk of the appellate division the papers on the appeal therein, and that he forthwith transmit them to the clerk of the supreme court. Denied.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGH-LIN, PATTERSON, and INGRAHAM, JJ.

P. H. Vernon, for appellant Woman's Hospital, etc.
Philip Ashton Rollins, for respondent.

PER CURIAM.   This proceeding came into this court by appeal from a decree of the surrogate, which was affirmed, and the papers transmitted to the clerk of the surrogate's court, pursuant to the directions of the statute contained in section 2585 of the Code of Civil Procedure.   But it seems that, before entry of the decree of the surrogate, the supreme court made a judgment directing the surrogate to enter the decree.   The appeal to this court was taken, not only from the decree of the surrogate, but from the judgment of the supreme court; and, by an order of this court, both were affirmed.

It is claimed by the appellant that the appeal which he proposes to take should be from the judgment of the supreme court, and he desires the papers to be transmitted to that court, in order that a judgment of affirmance may there be entered.   This presents the question whether the practice pursued in this proceeding has been proper.

Probate of the will of Kate L. Laudy was denied by the surrogate in November, 1893.   From the decree of the surrogate denying that probate, an appeal was taken to the supreme court, by which the decree was reversed.   29 N. Y. Supp. 136.   Upon an appeal to the court of appeals, the order of the general term, reversing the decree, was so far modified that a trial by jury was ordered in a circuit court of two issues of fact.   42 N. E. 1061.   This trial was had at the circuit, and the jury answered the questions submitted to them, and a motion for a new trial was there made and denied.   Upon appeal to this court, however, the order denying that motion was reversed, and a new trial ordered (43 N. Y. Supp. 689), which was had; and, after several trials, the issues were finally disposed of by the jury in the trial term upon the third trial.   A motion for a new trial made before the judge who tried the case was denied, and from the order denying it an appeal was taken to this court.   Pending that appeal the special term of the supreme court made an order directing the surrogate's court to enter a judgment denying probate of the will, and a judgment to that effect was accordingly entered in the supreme court.   In accordance with the directions of that judgment, the surrogate's court entered a decree denying the probate of the will.   From the judgment

of the supreme court giving directions to the surrogate, and from the decree of the surrogate entered in pursuance of it, appeals were separately taken to this court. These appeals, together with the appeal from the motion denying a new trial, were all heard at the same time, and the whole proceeding was affirmed. 53 N. Y. Supp. 1107.

The proceeding originally came into this court upon an appeal from the decree of the surrogate. The statute requires that, when such a decree is reversed upon the facts, the appellate court must make an order directing the trial by a jury of the material questions of fact arising upon the issues. This trial may be directed to be had either at a trial term of the supreme court or in the county court of the county of the surrogate, if there is such a tribunal. Code Civ. Proc. § 2588. The further proceedings, after the trial of the issues of fact has been ordered by the appellate division, are not specially prescribed in the Code; the only direction in that regard being that a new trial may be granted after the trial of the issues of fact, as prescribed in section 2548 of the Code. Section 2548 prescribes the procedure in a case where trial of an issue of fact pending in the surrogate's court is ordered by the surrogate. That section directs that the verdict of the jury upon that trial must be certified to the surrogate's court by the clerk of the court in which the trial took place. We think this procedure should be followed in a case where a trial by jury is ordered by the appellate division upon the reversal of the decree of the surrogate. The object in each case is the same, namely, to settle the question of fact upon which the decree is to be made. When made, the decree is to be entered in the surrogate's court. There is no reason why the verdict which is rendered at the trial term of the supreme court, or in the county court, should be sent to the special term of the supreme court or the county court, or why either of those courts should give any direction with regard to it. Whether the case is in the county court or in the supreme court, it is there simply for the trial by jury of certain issues of fact. Neither court has any authority in the case after these trials have been had and the verdict rendered, except to make an order for a new trial; but after the new trial has been had, and the answers of the jury to the issues finally made, it is for the surrogate court to enter the decree. Where the order for a trial of the issues of fact is made by the appellate division, upon the reversal of a surrogate's decree, the proceeding comes into the court upon an appeal from the decree; and however long it may be in the supreme court, or whatever proceedings may be had in the supreme court, those proceedings are had upon an appeal from a decree of the surrogate, and they are had in that court simply for the purpose of settling the facts with regard to that appeal; so that, when the appeal is finally disposed of, section 2585 of the Code of Civil Procedure applies, and the papers are to be transmitted to the surrogate's court. There is no provision in that section for any judgment or order to be entered by any other court than the surrogate's court, by way of carrying into effect the determination of the appellate division. All the proceedings from the time the appeal is taken to the appellate division to the time when the verdict of the jury upon the issues is finally rendered are taken upon the appeal from the decree of the surrogate, and they

are necessarily governed by the section just cited. The statute nowhere gives any authority to the supreme court at a special term to enter a judgment upon the issues found by the jury. As was said, the supreme court and the county court have equal power and authority in that behalf, and no one would pretend for an instant that the county court, if the issues of fact had been sent to that court for trial, had any authority to give directions to the surrogate's court as to the decree to be entered.

It is quite true that the judgment of the supreme court in this matter was affirmed; but the question of practice was not presented upon the appeal. Had it been, another disposition might possibly have been made of it. If an appeal had been taken from the judgment of the supreme court, and the question of regularity had been made, there is authority for saying that the practice was irregular, and the judgment would have been reversed. In re Campbell, 48 Hun, 417, 1 N. Y. Supp. 231. It is held in that case that it is not proper practice, where the issues of fact have been tried in the supreme court, to enter there a judgment instructing the surrogate what decree to enter. In that conclusion we concur. All the proceedings in the supreme court must be regarded as taken upon the appeal from the decree of the surrogate; and when the verdict has been rendered, and the proceedings by which it has been reached have been finally determined, whether that be in the trial term or upon an appeal to this court from an order denying a new trial, the papers are to be remitted to the surrogate, in pursuance of section 2585, in order that his decree may be entered. No judgment of any other court is proper. For this reason it would not be proper to withdraw these papers from the surrogate's court, and this motion must be denied.