(24 Misc. Rep. 258.)
## In re DE HAAS' WILL.

(Surrogate's Court, New York County.  July, 1898.)

APPEAL FROM SURROGATE'S COURT—MANDATE AND PROCEEDINGS BELOW.

> A decree of the surrogate's court establishing a will also construed its provisions. The decree was reversed on appeal on a question of fact, and a trial of the issue as to its execution directed to be held at special term, which resulted in a verdict for proponent. Judgment was entered at special term on the verdict, and remitted to the surrogate's court for further proceedings to carry it out, and this judgment was affirmed by the appellate division. While the appeal from the surrogate's court was in respect to the construction of the will, as well as to its validity, the appellate division made no determination in this respect. *Held*, under Code Civ. Proc. § 2585, as amended by Laws 1895, c. 946, providing that a certified copy of the order of the appellate division, on appeal from a surrogate's court, annexed to the papers transmitted from the lower court, "must be transmitted to the court from which the appeal was taken, and the court below shall enter the judgment or order necessary to carry the determination of the appellate division into effect," that a modification of the order of the appellate division, admitting the will to probate, by the insertion of a clause construing the will, would not be granted by the surrogate's court.

Application for modification of an order admitting the will of Mauritz F. H. De Haas, deceased, to probate, by the insertion of a clause construing it.  Denied.

Preble Tucker, for petitioner.

Jacob S. Van Wyck, for contestant.

FITZGERALD, S.  The will of the decedent was admitted to probate after a contest thereof by the present applicant, and the decree which was entered, establishing its validity, contained an adjudication construing its provisions adversely to her claim and contention.  The decree was reversed upon appeal upon a question of fact, and a trial of the issue of fact as to the execution of the will was directed to be had at the trial term of the supreme court, with a jury, pursuant to section 2588 of the Code of Civil Procedure.  The trial resulted in a verdict in favor of the due execution of the will.  A judgment was entered at special term of the supreme court upon the verdict, admitting the will to probate; decreeing that letters of administration, with the will annexed, issue to those entitled to them on proper application therefor; and adjudging that the judgment be remitted to the surrogate's court for further proceedings to carry it out, and to make it the judgment of the surrogate's court.  It was so made by an order of this court, and thereafter the judgment of the supreme court was, on the appeal therefrom, affirmed by the appellate division.  This appeal did not involve any question as to the regularity of the practice in entering the judgment before the appeal upon the question of construction had been disposed of by the appellate court.  Upon the application for the order or decree which was entered in this court upon the judgment, the moving party herein sought to have inserted in such order or decree the clause construing the will which was contained in the decree of this court which had

been reversed. The surrogate declined to make the insertion. The applicant has now, since the affirmance of the judgment of the supreme court, renewed her motion for the modification of the order which the surrogate entered upon such judgment, by embodying therein the clause mentioned. The appeal which was taken from the decree of the surrogate questioned the correctness of the decision embodied in such clause, as well as the decision in respect to the validity of the execution of the will. While the appellate court has made no determination respecting the correctness of the decision of the surrogate in construing the will, still I have no doubt that the reversal of the decree, notwithstanding it was upon a question of fact, rendered inoperative the decision and left the question affected by it wholly undetermined. The inquiry now is whether such question can, in view of the proceedings which have been had in the appellate division and at the special term, be reconsidered by this court, and the results of such consideration or of the determination previously made by the surrogate be somehow embraced in a judgment or decree of which the parties in interest can avail themselves for the purpose of appeal or otherwise.

The law in force at the time of the passage of the Code of Civil Procedure, and which was superseded by it, provided that the final determination of the issue tried by a jury pursuant to the order of the appellate court reversing a decree of the surrogate admitting a will to probate, or rejecting it, should be certified to the surrogate; and he was required, where the determination was in favor of the validity of the will, to record or admit it to probate, as the case might be, and, where it was against its validity, he was required to annul and revoke the record or probate thereof. 3 Rev. St. (6th Ed.) pt. 3, tit. 3, c. 9, p. 896, § 98; Id. pt. 2, tit. 1, c. 6, p. 70, §§ 59, 60. The practice under this procedure seems to have been for the surrogate to admit or reject the will in accordance with the verdict after it had been certified to this court. Nichols v. Romaine, 3 Abb. Prac. 122; Webster v. Cole, 17 Hun, 510. See order of general term in case on appeal in Marvin v. Marvin, 3 Abb. Dec. 192; In re Campbell, 48 Hun, 417; Whitbeck v. Patterson, 22 Barb. 83. In Webster v. Cole and in the Marvin Case the court was of the opinion that the motion for a new trial after the verdict should in the first instance be made at the general term; and in these cases the general term, after the disposition of the questions arising upon the motion for a new trial, remitted the proceedings direct to the surrogate. If the procedure established by the Revised Statutes has been, in substance and effect, re-enacted and continued in force by the Code, it might be that upon the certification hither of the verdict, or upon an application to the appellate court therefor, the moving party here might obtain relief,—in the former case, by the inclusion in the decree to be entered by the surrogate, admitting the will to probate, of a decision of the question of construction, which might thereafter be reviewed on appeal, or in the latter by the review by the appellate court of the decision of that question contained in the decree which has been reversed. Section 2624 of the Code of Civil Procedure, which provides for the construction of a will of personal property upon rendering a decree admitting it to probate, might possibly afford suffi-

cient warrant for the course first suggested, although this is very un-
likely.    The provisions of the Revised Statutes above cited were re-
pealed prior to the enactment of chapter 18 of the Code of Civil Pro-
cedure, which contains section 2588.    This section, Throop, in his
notes, says is a consolidation of the provisions mentioned, but so
amended as to give them a more extended application, while providing
for the granting of a new trial after the verdict.    Section 2588 is
silent as to the practice to be followed in a case where no motion has
been made for a new trial, or where such a trial has been denied, or a
final verdict rendered after new trial has been granted.    The follow-
ing cases hold that under this section the final verdict should, as under
the Revised Statutes, be certified direct to the surrogate's court,
where judgment thereon is to be entered.    In re Campbell, 48 Hun,
417, 1 N. Y. Supp. 231; In re Hatten, 22 Abb. N. C. 66.    It is inti-
mated, although not decided, in Re Budlong, 54 Hun, 133, 7 N. Y.
Supp. 289, that the motion for judgment upon the verdict might be
made in the surrogate's court, or in the court in which the trial was
had.    Section 2585 of the Code, as it stood before its amendment by
chapter 946 of the Laws of 1895, provided that an appeal to the su-
preme court from a decree or order of the surrogate's court must be
heard, the judgment or order made thereupon must be entered, and
the papers must be filed, in the same manner, and the effect of the
judgment with respect to the proceedings in the surrogate's court is
the same, as where an appeal is taken to the supreme court from a
final judgment, or an order of an inferior court, as prescribed in title
3 of chapter 12.    This title contains, among others, section 1345,
which is the only section here pertinent.    It provides for the entering
of judgments and orders, and the filing of judgment rolls on appeals
from inferior courts with the county clerk, and the making of such fil-
ing and entry the authority below for any proceeding which the judg-
ment or order of the appellate court directs or permits.    These sec-
tions, in their application to appeals from surrogates' courts, might,
so far as they pertain to probate proceedings, be claimed to relate
solely to cases where the judgment is entered upon the final determina-
tion of the appellate court in affirming or reversing a decree of the
surrogate upon a question of law.    The last paragraph of section
2587, in respect to enforcing the decree or order appealed from, and
the sections which Throop specifies as those which are referred to by
the paragraph, are in harmony with this claim.    This view is further-
more, to some extent, supported by Throop's statement that the adop-
tion of section 2585 rendered unnecessary the re-enactment of section
97, pt. 3, c. 9, tit. 3, of the Revised Statutes, which prescribed the sub-
sequent proceedings upon the affirmance or reversal of a probate de-
cree upon a question of law.    Despite the implication contained in
Throop's notes of the restriction of the application of section 2585 in
the manner intimated, it might very well be that, for the purpose of
uniformity of practice, the section was designed to cover cases aris-
ing under section 2588, as well as other cases.    If so, and if, notwith-
standing this change, the matter, after the rendition of the final ver-
dict, should properly be returned to the tribunal that reversed the
decree and ordered the trial of the issues, as was indicated in Marvin

v. Marvin, above cited, to be the practice prior to the adoption of chapter 18 of the Code, in a case where further action after the verdict was necessary before the transmission of the proceedings to the surrogate, a review by such tribunal of the decision of the surrogate in construing the will might be obtained, and the result of its determination embodied in a judgment, as prescribed in section 2585. In Re Patterson, 63 Hun, 529, 18 N. Y. Supp. 499, it was held, where the trial was had in the court of common pleas pursuant to the order of the general term of the supreme court, made under section 2588, that the verdict should have been certified to the supreme court for further proceedings thereon, and that the subsequent orders and decrees in the proceeding prior to the remission of the proceeding back to the surrogate's court must be those of the supreme court. It was further held that the judgment containing the judgment of the appellate court is to be entered, pursuant to section 2585, in the office of the county clerk. In re Moss, 86 Hun, 618, 33 N. Y. Supp. 1131, decided what the Patterson Case failed to clearly indicate,—that the motion for judgment upon the verdict should be made at the special term. This practice was followed in McKinley v. Lamb, 64 Barb. 199, where, however, no question of its correctness was raised. In Re Clark, 40 Hun, 233, the court held that a motion for a new trial after a verdict upon the trial of an issue of fact, pursuant to section 2588, should be made at special term. In the Patterson Case it was furthermore declared that the sole authority which the surrogate has for his subsequent action in a case like the present one is derived from the judgment roll filed with the county clerk, and that the whole proceeding, after an appeal is taken, becomes a proceeding in the supreme court, and remains there until formally remitted to the surrogate. It is not improbable that resort herein might have been had, as previously suggested, to the appellate court for a hearing of the question that has occasioned this motion, before the entry of the judgment upon the verdict, and the decision thereof be incorporated in the judgment at the special term. Possibly, as was also hereinbefore intimated, judgment might be entered in conformity with the verdict of the jury, which might in some way provide for the insertion by the surrogate in the decree to be entered pursuant thereto of his previous decision or a new one, which might be the subject of review. The incongruity and illogicalness of this course, and the seeming absence of any precedents countenancing it, would doubtless be an obstacle to its adoption.

The procedure so far considered is that which existed anterior to the amendment of section 2585 by chapter 946 of the Laws of 1895. The decree which was appealed from herein was made after the adoption of the amendment, and the effect of such amendment upon the previously existing procedure, and of the practice to be followed in a case like that now under advisement, will now be considered. Section 2585, as it has stood since its amendment, declares:

"In the appellate division of the supreme court the order made upon an appeal from a decree or an order of a surrogate's court must be entered with the clerk of the appellate division, and a certified copy thereof annexed to the papers transmitted from the court below upon which the appeal was heard, must be transmitted to the court from which the appeal was taken, and the

court below shall enter the judgment or order necessary to carry the determination of the appellate·division into effect."

It will be observed that no reference is now made in the section to chapter 12, tit. 3, which it referred to before the amendment. In this title—especially in section 1345 thereof—the court, in the Patterson and Moss Cases, found warrant for holding that in a case of this sort a judgment should be entered in the supreme court, and the judgment roll filed with the county clerk. Simultaneously with the amendment of section 2585, sections 1340 and 1345 of title 3 were also amended. The amendments, however, are of such a character, so far as they relate to the matter in hand, as not to materially change the two last-mentioned sections. This being so, and it appearing that the reference in section 2585 to title 3 was the only authority for applying any of the provisions of that title to appeals from this court, the repeal of the provisions containing such reference, and the adoption of the amendment of section 2585, would seem to make the procedure established by the amendment applicable to the present case, and to all other cases of appeals from this court. If the effect of this amendment be such as I have conjectured, it would have enabled the applicant here to secure a review of the question of construction by the appellate court after the rendition of the verdict of the jury. In the present instance, where the appeal was heard and determined after the passage of the amendment just mentioned, the practice pursued was that indicated by the decisions in Re Patterson and in Re Moss, which were made previously to the adoption of such amendment. The entry of the judgment in the supreme court seems to have been made in accordance with such practice. It may be (although I hardly think this probable) that the right to review a question of construction of the will in a probate proceeding does not extend to cases where, as here, the will has been admitted to probate as the result of the verdict of a jury and the action of the appellate court thereon, but is confined to those cases where probate of the will has been adjudged by the surrogate upon the trial before him, and his judgment has not been disturbed. How this may be, or whether the practice pursued herein was proper, I do not think it is for me to decide. The order in·question was entered in strict accordance with the judgment of the supreme court, and, in view of the holding of the court in Re Patterson that the judgment of the supreme court is the sole authority for the subsequent action of the surrogate in a matter of this nature, I do not feel at liberty to modify the order. Should it, however, turn out that the applicant has, in effect, been deprived of the opportunity of obtaining a construction of the will at this time, owing to the inability of the appellate court to entertain the matter, because of its disposition of the appeal and of the subsequent proceedings thereupon had, I do not think that she would be entirely remediless. As an incident to effecting a settlement and distribution of the estate upon the accounting of its representative, she would doubtless be given an opportunity of having the question which has occasioned this motion considered, if it shall not have been previously disposed of.

Application denied.