(24 Misc. Rep. 420.)

### In re DE HASS' WILL.

(Surrogate's Court, New York County. August, 1898.)

1. WILLS—PROBATE—REVOCATION—JURISDICTION OF SURROGATE.
    Code Civ. Proc. § 2647, providing for the revocation of the probate of a will by petition to the surrogate's court in which the will was proved, does not authorize the revocation of the probate of a will proved in the supreme court under section 2588, which requires issues of fact which arise on appeal in proceedings to probate a will to be tried by jury in a court selected by the appellate court; the surrogate's decree probating a will so proved being simply in obedience to the judgment of the supreme court.

2. SAME—CONSTRUCTION OF WILL—WHEN PROPER.
    The construction of a will cannot be obtained by proceedings under Code Civ. Proc. § 2647, to revoke its probate.

Petition to revoke the probate of the will of Mauritz F. H. De Hass, deceased. Dismissed.

Preble Tucker, for petitioner.
Jacob S. Van Wyck, for proponent.

FITZGERALD, S. The will which is the subject of this controversy was admitted to probate by the surrogate upon a trial before him after a contest. His decree was reversed upon appeal (41 N. Y. Supp. 696) and the trial of the issues as to the due execution of the will, which was directed by the appellate court to be had at the trial term of the supreme court by a jury, resulted in establishing the will; and a judgment admitting it to probate was entered at the special term of the supreme court. This judgment, pursuant to its requirements, was made the judgment of this court. It was afterwards affirmed upon appeal. 46 N. Y. Supp. 189. The present petitioner, who was the successful contestant in the proceedings mentioned, has begun this proceeding to revoke the probate of the will which was proved in the manner described, claiming that its maintenance is authorized by the provisions of article 2 of title 3 of chapter 18 of the Code of Civil Procedure. Section 2647 of article 2, which relates to revocation of probate, is a consolidation and reenactment, with certain changes not here material, of sections 30 and 31 of part 2 of chapter 6 of title 1 of the Revised Statutes. 3 Rev. St. (5th Ed.) p. 142. Section 31 directed that the allegations against the validity of the will, or against the competency of the proof thereof, must be filed in the office of the surrogate by whom the will was proved. Section 2647 requires that the petition containing the allegations against the validity of the will, or the competency of the proof thereof, and by which the proceeding to revoke probate is initiated, should be presented to the surrogate's court in which the will was proved. The will referred to by both the Revised Statutes and the Code is manifestly one that has been proved before the surrogate or his court. The present is not such a will. It was proved in the supreme court, pursuant to section 2588 of the Code, and the judgment of that court admitted it to probate. The action of this court in entering its decree was simply in obedience to that judgment, and for the purpose of such subsequent proceedings as might be necessary to carry it into effect, or be based upon it. See In re De Hass, 24 Misc. Rep. 259, 53 N. Y. Supp. 565. The principal, if not the sole, object of the petitioner in commencing this proceeding seems to be to procure a construction of the will of the decedent, which she supposes would result in its being declared invalid. This course could not be taken in a proceeding of this character, even if it was otherwise maintainable. In re Ellis, 1 Con. Sur. 206, 4 N. Y. Supp. 180; In re Soule, 22 Abb. N. C. 267, 268, 3 N. Y. Supp. 259; Throop's note to section 2647, Code Civ. Proc. The petition is dismissed.

Petition dismissed.