In the Matter of Proving the Will of JOHN PATTERSON, Deceased, as a Will of Real and Personal Property.

63h 529
79 AD°544

*Surrogate — after an appeal to the Supreme Court, and a verdict on a new trial ordered by it, the surrogate cannot grant a new trial — effect of such an appeal — where the motion must be made.*

A will was, after a contest, admitted to probate by a surrogate's decree, from which an appeal was taken to the General Term, where it was reversed. Issues were framed and were directed to be tried before a jury in the Court of Common Pleas, where a trial was had, a verdict was rendered, was certified by the clerk of that court and was filed in the office of the surrogate.

An application was then made to the surrogate for a new trial, upon exceptions and upon the usual grounds, which was denied by the surrogate upon the ground of a want of power.

*Held,* that the denial was proper, and that the surrogate had no power to grant the application.

That such power was not conferred upon the surrogate by sections 2548 and 2588 of the Code of Civil Procedure.

That after an appeal to the Supreme Court that court becomes one of original jurisdiction, and may decide any question of fact which the surrogate can decide.

That the proceeding remains in the Supreme Court until, after judgment, it is remitted to the Surrogate's Court.

That such judgment is the only authority to the surrogate for his further action.

That the phrase at the end of section 2588, "after the trial a new trial may be granted as prescribed in section 2548 of this act," refers to the cases in which a new trial may be granted, and does not refer to the tribunal before which the application for the new trial shall be made.

That it was not material whether the issues were tried in the Supreme Court or in the Court of Common Pleas, it being the intention of the legislature that the surrogate should be ousted of jurisdiction to grant a new trial in either case.

Appeal by Daniel Paxton and James B. Hackett, contestants, from an order made by the surrogate of the city and county of New York on the 11th day of February, 1892, denying, upon the ground that the surrogate had not power or jurisdiction to grant the same, a motion made by them that the verdict of the jury herein, certified to the said Surrogate's Court by the clerk of the Court of Common Pleas, be set aside and a new trial be had of the issues.

*W. H. Hamilton,* for the contestants, appellants.

*Henry Hoyt,* for the proponent, respondent.

PER CURIAM:

The will of the deceased was presented to the surrogate for probate, and after a contest was admitted by him to probate. An appeal was taken from the decree of the surrogate, admitting such will to probate, to the Supreme Court. Upon the hearing of such appeal by the General Term the decree of the surrogate was reversed, and issues of fact were framed and directed to be tried in the Court of Common Pleas before a jury. Such trial having taken place, and a verdict having been rendered upon the issues so framed, which verdict appears to have been certified by the clerk of said Court of Common Pleas, and filed by the appellant herein in the office of said surrogate; thereupon an application was made to the surrogate for a new trial upon the exceptions taken at the trial, and because the verdict was rendered upon insufficient evidence, and against the weight of evidence, and as otherwise contrary to the evidence, and contrary to law, which motion was denied by the surrogate upon the ground that he had no power or jurisdiction to entertain the same, and from the order thereupon entered this appeal is taken.

In this disposition of the motion we think the learned surrogate was clearly right, as there is no authority in any provision of the Code conferring upon the surrogate the power to entertain the motion for a new trial in a case like the present.

It is claimed by the counsel for the appellant that such power is conferred by sections 2548 and 2588 of the Code. An examination of these sections, however, we think, will demonstrate the fact that they are not susceptible of the construction claimed by the appellant. Sections 2547 and 2548 primarily relate entirely to controverted questions of fact arising in a special proceeding for the disposition of real property by a decedent, and have no application to proceedings for the probate or to revoke the probate of a will.

Section 2588 relates to the practice which shall be followed upon a reversal or modification of a decree of the surrogate, by the Supreme Court, upon a question of fact in a probate proceeding. It is provided that the court must, in such a case, direct a trial by a jury of the material questions of fact arising upon the issues between the parties; and that it must direct the trial to take place either at a Circuit Court specified in the order, or in the County Court of the county of the surrogate, or in the city of New York in the Court of Common Pleas.

In the case at bar the Supreme Court having reversed the decree of the surrogate upon questions of fact, an order was made directing certain specified issues to be tried in the Court of Common Pleas.

The question is now presented as to how, after such a trial, the results of that trial are to be reviewed. And it is provided for explicitly by the last clause of section 2588, which provides that a new trial may be granted as prescribed in section 2548. And it is upon the construction which is to be placed upon this clause that the question here presented, as to the proper practice, must be determined.

In determining this question it is necessary, in the first place, to bear in mind the effect of an appeal to the Supreme Court from the Surrogate's Court. A probate proceeding by such appeal is removed into the Supreme Court. The Supreme Court becomes a court of original jurisdiction, and has the same power to decide questions of fact which the surrogate had, and may, in its discretion, receive further or documentary evidence and appoint a referee. (Sec. 2586.) By section 2587 the Supreme Court may reverse, affirm or modify the decree or order appealed from, and each intermediate order specified in the notice of appeal, which it is authorized by law to review as to any or all of the parties, and it may, if necessary or proper, grant a new trial or hearing. And by section 2585 it is provided that the judgment-roll containing the judgment of the appellate court shall be filed in the office of the clerk of the county of the surrogate from whom the appeal is taken. And the sole authority which the surrogate has for his subsequent action in the case is derived from the judgment-roll so filed. It is thus apparent that when once an appeal of this kind is taken the whole proceeding becomes a proceeding in the Supreme Court, and remains in such court until formally remitted back to the surrogate; and until it is so remitted the orders and decrees in the proceeding must be orders and decrees of the Supreme Court. We think, therefore, that the only portion of section 2548 which was intended to be referred to in section 2588 were the cases in which a new trial might be granted, and not the tribunal which should entertain the application therefor, the particular practice relating to such motions being governed by the other provisions of the Code in reference to actions or proceedings pending in the

Supreme Court.    And this view is supported by the fact that section 2548, where it speaks of the tribunals which are to entertain the motion, expressly refers to the cases provided for in section 2547. In those cases the proceedings are all in the Surrogate's Court, and the direction for the trial of the issues proceeds from the Surrogate's Court; and even where they are sent to a Circuit Court the motion for a new trial may be made before the surrogate or in the Supreme Court; in the Supreme Court, because the Circuit Court has no power to entertain motions for new trials except upon the judge's minutes, and such motions are not appropriate in a case where issues have been framed in another court and sent by such court to a Circuit Court for trial.    In a probate case, where issues have been framed by the Supreme Court and sent to a Circuit Court for trial, it never has been claimed that the surrogate had any further jurisdiction of the case except to proceed in accordance with the final judgment in the case.

It would be an anomaly which it cannot be supposed the legislature intended, that in the case of issues sent from the Supreme Court to the Court of Common Pleas for trial, the surrogate having lost all jurisdiction of the proceedings to probate, by the appeal to the Supreme Court, that a motion for a new trial might be entertained by the surrogate, while in the case of issues sent under precisely similar circumstances to a Circuit Court, the Supreme Court only could entertain such a motion ; the authority for sending the issues for trial being derived from the same section of the Code, viz., section 2588, and exercised under precisely the same circumstances.

In the cases mentioned in section 2548, where the power to grant new trials is conferred upon the surrogate, the surrogate retains jurisdiction of the proceedings, and, as has already been stated, the direction for the trial of the issues proceeds from the Surrogate's Court ; the clerk of the court where the trial is had being required to certify the verdict to the Surrogate's Court for further proceedings thereon, whether such trial be had in a County Court or a Circuit Court.    It is, therefore, apparent that it was the intention of the legislature, in the enactment of the last clause of section 2588, only to specify the circumstances under which motions for new trials should be entertained in a case mentioned in that section.    In a probate case where there has been an appeal to the Supreme Court,

therefore, the further proceedings must be had in that court, and the verdict certified to that court for further proceedings thereon, whether the trial of the issues framed by the Supreme Court be had at a Circuit Court or in the Court of Common Pleas.

The surrogate, therefore, had no jurisdiction to entertain the motion, and the order appealed from should be affirmed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J., O'Brien and Ingraham, JJ.

Order affirmed, with ten dollars costs and disbursements.