Timothy L. Hayes, Appellant, v. James P. Bainbridge, Respondent. — Order appealed from affirmed, with ten dollars costs and disbursements.

John Butscheck, Plaintiff, v. The Vacuum Oil Company, Defendant.—Plaintiff's motion for a new trial denied and judgment ordered for the defendant on the verdict on the authority of *Mahoney* v. *Same* (76 Hun, 579). Haight, J., not sitting.

Chester W. Chapin, Plaintiff, v. The Niagara Racing Fair Grounds Association, Defendant. —Order appealed from affirmed, with ten dollars costs and disbursements.

John Burton, Respondent, v. Peter V. Egbert, Appellant.—Judgment of the County Court of Cayuga county appealed from affirmed, with costs.

Walter N. Mecklan, Appellant, v. The Buffalo Spring and Gear Company, Respondent.— Judgment and order appealed from affirmed.

Allen J. Hastings, Respondent, v. The Brooklyn Life Insurance Company, Appellant.— Judgment and order appealed from affirmed.

George C. Murphy, Appellant, v. The New York, Lake Erie and Western Railroad Company, Respondent.—Order appealed from affirmed on the opinion of this court in same case (62 Hun, 587).

William W. Mumford, as Receiver, etc., Appellant, v. George W. Crouch and Frank P. Crouch, Respondents.—Judgment appealed from affirmed, with costs.

Laurella Morris, as Administratrix, etc., Respondent, v. The Lake Shore and Michigan Southern Railway Company, Appellant.— Judgment and order appealed from affirmed.

George E. Ramsey and Another, Respondents, v. The Keystone Gas Company, Appellant.— Judgment and order affirmed.

In the Matter of the Guardianship of Lucinda F. Emerick.—Order of the surrogate of Monroe county affirmed, without costs.

## Motions.

Lizzie Wilson, Appellant, v. Moriah Heath, as Executrix, etc., Respondent. — Motion to strike case from the calendar and for affirmance granted on default.

John O'Connell, Respondent, v. George A. Lee, Appellant.—Motion to strike case from the calendar and for affirmance granted on default.

James H. Clark, Respondent, v. The City of Rochester, Appellant.—Motion to strike case from the calendar and for affirmance granted on default.

In the Matter of the Probate of the Will of Simeon Kriebler, Deceased.—Motion to dismiss appeal granted on default.

Ida Green, Respondent, v. The Middlesex Valley Railway Company, Appellant.—Motion to strike case from the calendar and for affirmance granted, with costs, unless printed papers are served on or before the second Thursday of the term.

Bloom v. National Benefit Loan Company.— Motion to strike case from the calendar and for affirmance granted, with costs, unless papers are served on or before the second Friday of the term.

Mary A. Knope, Respondent, v. Joseph Nunn, Appellant.—Motion to strike case from the calendar and for affirmance denied, without costs.

The People of the State of New York ex rel. Bernard Ritzenthaler v. Edward F. Higgins and Others.—Motion for leave to appeal to the Court of Appeals granted.

William Kiernan and Another, Appellants, v. The Agricultural Insurance Company, Respondent.—Motion for reargument granted.

Edwin Einstein, Appellant, v. Rochester Gas and Electric Company and Another, Respondents.- Motion for leave to appeal to the Court of Appeals granted for the reason that in our opinion the question arising in the case is of sufficient importance to render a decision of that court desirable before proceeding further.

George Werner v. The City of Rochester.—Motion for leave to appeal to the Court of Appeals granted.

Auburn Button Company v. Philip Silvester and Others.— Motion to amend decision granted, so as to show that the judgment be reversed on questions of fact as well as questions of law, but on condition that the defendant, if so advised, may discontinue his appeal to the Court of Appeals, without costs of the appeal.

---

# FIRST DEPARTMENT, JUNE TERM, 1894.

Charles P. Hemenway and Others, Respondents, v. Morris F. Knudson and Others, Appellants. — Order affirmed, with ten dollars costs and disbursements. No opinion.

In the Matter of Sophia Moss.— New trial ordered upon issues to be framed in the order to be entered hereon, and case sent to the Court of Common Pleas for such retrial, with costs to appellant to abide event.—

VAN BRUNT, P. J.: It is impossible, in the disposition which is to be made of the appeal in the case at bar, to discuss in this opinion at any length the evidence which is contained in the record, without giving expression to opinions formed by a consideration of this evidence to which undue and improper weight may be given upon a retrial of this proceeding before a jury. It has become too much the practice to permit the presentation to juries of the opinion of courts upon given questions of fact, with which opinion the jury has nothing to do. The jury has to determine the questions of fact governed by the impression which the evidence offered during the progress of the trial makes upon their

judgment — such impressions to be guided and controlled by the rules of law which may be laid down for their guidance by the charge of the court. The opinions of an appellate court in the discussion of evidence have no place in the jury box. But they are so often used for the purpose of influencing the judgment of juries that it has become hazardous to indulge in such discussion. In the case at bar we have determined, therefore, simply to state the conclusion to which we have arrived, and to give some expression of opinion as to the general character of the rulings of the court below in respect to the large mass of evidence which makes up the record upon this appeal. It is undoubtedly true that the door was thrown wide open for the admission of evidence upon the trial of this case — so wide open that a vast amount of irrelevant and improper material has been embraced within this record, and has probably influenced the mind of the surrogate in coming to the conclusion at which he arrived. The question which was to be determined upon the trial of the issues presented was as to

whether the will in question was the will of the testatrix ; and not as to whether, subsequent to the time of the date of that will, her sons robbed her. A consideration of the evidence in this case leads us irresistibly to the conclusion that the true issue which was involved was lost sight of, and that there never has been any judgment based only upon evidence pertinent to such issue. We think, therefore, under the circumstances, that a new trial should be ordered upon issues to be framed in the order to be entered upon this decision, and the case sent to the Court of Common Pleas for such retrial, with costs to the appellant to abide the event. Follett and Parker, JJ., concurred.

Edward H. Swan, Jr., Respondent, v. The Long Island Railroad Company, Appellant.— Judgment reversed and new trial granted, on the ground of excessive damages, with costs to appellant to abide event.—

PARKER, J. : The evidence fully justified the court in submitting to the jury the question of defendant's negligence. They not only found that the injury to the plaintiff was wholly due to defendant's neglect, but that he had sustained damages in the sum of $12,500. It appears that since the injury plaintiff has expended $200 for medicine, and about $450 for medical attendance ; that it was over five weeks after the accident before he was able to return to the city, and that thereafter he used a crutch for a period of eight weeks, and still continues to use a cane. Further inquiry is naturally prompted in respect to the nature of the injury, which caused the jury to award the plaintiff damages in a sum which, if invested at the rate of five per cent, would produce an income of $625 a year during his life, and leave the principal intact for those dependent upon him — a yearly income equal to twenty-five per cent of that resulting from his labor both before and since the accident — for his employers continue to pay him the same salary as before. Dr. Steinzig, who dressed the wound immediately after the injury, testified : " In other words, the leg was black and blue from a point a little above the knee joint to a point a little below, about five inches, and under the knee there was a slight cut of the skin. Couldn't say how deep this cut was under the knee joint. I couldn't say whether it was anything more than a superficial cutting away of the skin. I don't think it was more than a quarter of an inch wide. I should think it was an inch long. It was not a cut, it was more of a tear, not a clean cut. There was no bone broken, no muscle cut, no cord cut and no vein or artery cut that I could see." The other physician called by the plaintiff said that " one of the principal nerves of the limb had received contusion, as shown by an examination of the parts beneath it ; that is, of impaired sensibility," for which he prescribed tonics, electricity, and that the patient go into the country. The plaintiff explained how the injury had kept him from lawn tennis, boating and athletics generally, and described quite fully the severity of the pain which he had suffered and was still suffering. The doctor gave him such support as he reasonably could in that direction. He said: " On examining it I found that there was a horizontal scar in the ham, about behind the knee. On making extension, very great pain." " Q. Could you judge from your examination of the cause of his pain, and, if so, in what way other than by the simple statements of the witness? A. It is different with different patients. In Mr. Swan's case I judged from his character that he knows when he is hurt, and if I press on a certain place and he complained of pain, and I press on another place and he does not complain of pain, I have reason to believe he is not deceiving me, and he has pain over the parts about which he complains when I used the pressure." It is quite apparent that his answer is not within the definition of diagnosis as given by Judge Finch in the *Griswold Case* (115 N. Y. 64). He said, " at the best, diagnosis is little more than a guess, enlightened by experience." Here we have, so far as the element of pain is involved, a guess enlightened only by the statement of the patient, which ought not to have had, but probably did have, greater weight because reaching the jury through the mouth of the physician. Undoubtedly the bruise was a severe one, occasioning the plaintiff expense; preventing him for a time from working, and causing him to suffer severe pain. But the results flowing from it did not justify, as we think, an award to the plaintiff of $12,500 as compensation for the injury sustained. The judgment should be reversed because the damages are excessive, and a new trial granted, with costs to the appellant to abide the event. Follett and Van Brunt, JJ., concurred.

John McQueen, Receiver, etc., Appellant, v. Charles E. Lockwood, Respondent.—Judgment reversed, new trial ordered, costs to appellant to abide event.—

VAN BRUNT, P. J.: This action was brought to recover the balance of the proceeds of the discount of certain notes belonging to and made by the Powerville Felt Roofing Company, Limited, which the said company had intrusted to the defendant, its secretary, to have discounted, and with the proceeds thereof to pay certain indebtedness of said company; and also for a balance upon certain cash which the said company had intrusted to the defendant for the same purpose. The complaint alleges that the defendant had fraudulently appropriated and converted to his own use the said balance. The answer admitted the receipt of the notes and the amount realized thereon, and also the receipt of the cash, but denied that the defendant had failed or neglected to pay over said balance for the benefit of said company, or the creditors thereof, or that he had wrongfully appropriated and converted the same to his own use. We think that the errors which have arisen in the trial of this cause were due to the fact that both the parties and the court lost sight of the admissions contained in the pleadings. The defendant upon this argument states that the answer was, in effect, a general denial, whereas, instead of being a general denial, it admitted all the allegations of the complaint except that the defendant had failed to apply to the purposes designated all the moneys which he had received from the company. Upon the trial the plaintiff seems to have thought it incumbent upon him to show by evidence that the relation of debtor and creditor did not exist between the company and the defendant by reason of the transactions alleged in the complaint, whereas in fact the defendant had admitted all the allegations of the complaint in regard to the receipt of the notes and cash for special purposes, and it required no evidence to establish the conditions under which he held the cash and the proceeds of the discounts of the notes. All that it was necessary for the plaintiff to prove in order to make out a cause of action was that the defendant had failed to apply the money in the manner in which he was under obligation to do. Evidence seems to have been given from which this fact might very reasonably be inferred. It was shown that, according to the accounts, there was this balance due from the defendant; that it was demanded of him; that he promised to pay it, and that he did not pay it; that at the time of the demand there was no