IDA NIGGLI, Appellant, *v.* FRANK X. FOEHRY and Another, Respondents.

*Recovery of the value of stone taken from a landowner — evidence of an accord and satisfaction not pleaded — counter proof, to proof not justified by the pleadings.*

Upon the trial of an action brought to recover the value of a quantity of building stone, alleged in the complaint to have been quarried and taken by the defendants from the plaintiff's premises without her consent, it is not competent for the defendants to prove an accord and satisfaction if no such defense was pleaded, but a judgment rendered in favor of the defendants will not be reversed by reason of the admission of evidence to establish such accord and satisfaction if no objection was made to the reception thereof.

If, upon the trial of such action, the plaintiff introduces evidence tending to prove that the removal of the stone by the defendants lessened the market value of her premises, although there is no allegation in the complaint to justify the litigation of such question, it is competent for the defendants to prove the value of the stone in the quarry before it was quarried, as bearing upon the question whether the market value of the premises had been lessened by the removal of the stone.

APPEAL by the plaintiff, Ida Niggli, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Monroe on the 2d day of June, 1894, upon the verdict of a jury rendered after a trial at the Monroe Circuit dismissing the plaintiff's complaint upon the merits, and also from an order entered in said clerk's office on the 2d day of June, 1894, denying the plaintiff's motion for a new trial made upon the minutes.

*Richard E. White*, for the appellant.

*P. Chamberlain*, for the respondents.

LEWIS, J. :

This action was brought to recover the value of a quantity of building stone, which it was alleged in the complaint the defendants had quarried and taken from the plaintiff's premises in the city of Rochester without her consent. It was a disputed question of fact upon the trial whether the defendants had taken any stone from the plaintiff's premises. The defendants owned lands adjoining the plaintiff's lot, upon which there was a stone quarry which they were engaged in working. It was the claim of the plaintiff that in quarrying stone they trespassed upon and took stone from her premises. The plaintiff's evidence left the question as to the quantity of stone so taken, if any, in very much doubt. The evidence of the defendants tended to negative the plaintiff's evidence as to their having taken stone from her premises. It was a question of fact for the jury and they found for the defendants.

It was not competent for the defendants to prove an accord and satisfaction, for no such defense was pleaded. There was evidence admitted tending to prove an accord and satisfaction. It does not appear from the case that there was any objection made to the admission of this evidence. The plaintiff introduced evidence tend-

ing to prove that the removal of the stone by the defendants lessened the market value of her premises. There was no allegation in the complaint which justified the litigation of that question, but the plaintiff having introduced such evidence it was competent for the defendants to prove the value of the stone in the quarry before it was quarried as bearing upon the question whether the market value of the premises had been lessened by the removal of the stone.

The error in the charge to the jury as to the measure of damages was fully corrected by the subsequent charge of the court at the request of the plaintiff's counsel. The true rule of damages was finally presented to the jury so plainly that it is not at all likely that they were misled by the error in the charge.

The judgment and order appealed from should be affirmed.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment and order appealed from affirmed.