ent.— Order affirmed, with ten dollars costs and disbursements.

Same v. Same.— Order vacating injunction, etc., affirmed, without costs.

Dennis B. Wiggins, Respondent, v. Frank N. Alderman, Appellant.— Order affirmed, with ten dollars costs and disbursements.

## Motions.

Daniel W. Jones, Respondent, v. John B. Manning and Others, Appellants.— Motion for leave to appeal to the Court of Appeals granted. Lewis, J., not sitting.

Ida Niggli, Appellant, v. Frank H. Foery and Another, Respondents.— Motion for reargument denied.

Riley v. Hallett.— Motion for reargument denied.

Mandeville J. Barber and Others, as Executors, etc., v. Mary K. Lancy.— Motion to dismiss appeal denied.

Same v. Same.— Motion to dismiss appeal denied.

The People of the State of New York ex rel. The Lehigh Valley Railway Company, Appellant, v. The City of Buffalo, Respondent. — order affirmed on opinion of Green, J., with ten dollars costs and disbursements.

## First Department, April Term, 1895.

The People of the State of New York ex rel. Manhattan Railway Company v. Barker.— Order reversed, with costs and disbursements.—

Per Curiam: Upon an examination of the facts disclosed by the record upon appeal herein, we are unable to perceive any substantial difference between the case at bar and that of *The People ex rel. The Equitable Gas Light Company* v. *Barker et al., Tax Commissioners, etc.* (144 N. Y. 94). With a change of figures, the opinion seems entirely applicable to the facts and circumstances presented by the record before us. Following the conclusion reached in that case by the Court of Appeals, it would seem that the tax commissioners had a right to levy the assessment which they did, and the order vacating the same was erroneous. The order appealed from should be reversed, with costs and disbursements. Present— Van Brunt, P. J., O'Brien and Parker, JJ.

John P. Pils, Respondent, v. Manhattan Railway Company, Appellant.—Judgment modified as stated in opinion, and affirmed as so modified, with costs.—

Per Curiam: We think the judgment is in all respects right, except upon the question of the award made, which upon the evidence we think was too high, and that it should be accordingly reduced and the rental damages fixed at $900, and the fee damages at $1,200; and, as so reduced, the judgment should be affirmed, without costs. Present — Van Brunt, P. J., O'Brien and Parker, JJ.

Ann Reilly, Respondent, v. Manhattan Railway Company, Appellant.— Judgment affirmed, with costs.—

Per Curiam: It is urged by the appellant that the learned court erred because it states among its grounds for the decision that the value of so much of the plaintiff's easements belonging to the premises No. 922 Third avenue, over and above the value of any and all general and special benefit to said premises arising from the construction, maintenance and operation of said elevated railroad in front of them, as was taken by defendants, was and is the sum of $1,200. It is claimed that this statement is clear and positive; that the value of the easements taken over and above any benefits conferred on the premises is $1,200; and that the court overlooked the point that the easements themselves had been adjudged by the Court of Appeals to have had no value in themselves, but that it is the damage to the premises to which they were attached resulting from their destruction, for which compensation is awarded. We think it to plain that the learned court attempted in follow the rule in the Court of Appeals is this respect: and that there is no question but that resultant damage was that for which compensation was intended to be made. Upon an examination of the evidence we see no reason for interfering with the court below, and think the judgment should be affirmed, with costs. Present— Van Brunt, P. J., O'Brien and Parker, JJ.

George Goetting, Respondent, v. Manhattan Railway Company, Appellant.— Judgment modified as stated in opinion and affirmed as modified, without costs.—

Per Curiam: The only question which it is necessary to consider is that in regard to the amount of the award. The other points which have been raised upon this appeal have been disposed of in previous cases, and it is not necessary now to rediscuss them. We think upon an examination of the testimony that the award is larger than the evidence warranted. It seems to us that the same should be reduced to the sum of $1,500, fee damage, and $931.50, rental damage, and for these amounts the judgment should be affirmed, without costs. Present — Van Brunt, P. J., O'Brien and Parker, JJ.

The People of the State of New York ex rel. Hecker-Jones-Jewell Milling Company v. Edward P. Barker and Others.— Order affirmed, with costs, on opinion of court below.

Max Gabriel and Another v. William H. Arnott and Others.— Judgment affirmed on opinion of Parker, J., in *Schillinger Fire Proof Cement & Asphalt Company* v. *Arnott* (*ante*, p. 182).

John H. Seebeck and Others, Appellants, v. Charles C. Johnson, Respondent.— Order modified by simply allowing service of affidavit or merits on payment of ten dollars costs and costs of this appeal. The question of amendment of answer to be left to Special Term upon application for that purpose. No opinion.

James Talcott, Respondent, v. National Credit Insurance Company, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Jacob S. Rogers, Respondent, v. New York & Texas Land Company, Appellant.—Order affirmed, with leave to apply for stay of entry of final judgment on coming in of referee's report. No opinion.

In the Matter of Sophia Moss.—We think motion should be made at Special Term. It is there that application for judgment on special verdicts should be made. Motion dismissed.

Charles H. Wade, Respondent, v. Solomon Goldsmith, Appellant.— Order reversed and motion granted, with costs. No opinion.

Cochrane Carpet Company, Respondent, v. Henry C. Howells, Jr., and Another, Appellants.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Emil Thiele, Appellant, v. William G. Pierson and Another, Respondents.— Order affirmed,