James N. Van Allen, Respondent, *v.* John C. Shulen-
burgh, Appellant.·

(County Court, Montgomery County, February, 1908.)

Accord and satisfaction — What constitutes — Delivery and accept-
ance of obligations of third persons — Agreement to credit on
book account.
Pleading — Answer or plea — Defense of new matter — Sufficiency in
general — Accord and satisfaction.
Saving questions for review — Objections and exceptions in general —
Necessity — Evidence.
Taking case from jury and nonsuit — Weight and sufficiency of evi-
dence — Evidence of defendant supplying defects in plaintiff's
proof.
Examination of witnesses — In general — General questions.

Where plaintiff sold defendant goods and, L. owing defendant,
it was agreed by all three that L. should credit plaintiff and
charge defendant with the amount of the purchase price, there
was an accord and satisfaction, though no entry was made *eo
instanti* by L. in his books.

Defendant's answer in justice's court in an action for the
purchase· price which alleged "that prior to the commencement of
this action the plaintiff was fully paid and satisfied and dis-
charged, and the plaintiff and defendant settled and adjusted
said claim, and the defendant was released and discharged from
said claim and the whole thereof" was sufficient.

No objection having been raised at the trial to the admission of
testimony upon the ground that the alleged accord and satisfac-
tion had not been sufficiently pleaded, no such objection can be
raised on appeal from the judgment in plaintiff's favor.

The denial of defendant's motion for a nonsuit at the close of
plaintiff's case is not error for which a judgment for plaintiff
should be reversed where a like motion at the close of the whole
case is properly denied.

It was error to permit L.'s bookkeeper, after having testified
that defendant did not leave forty dollars to pay plaintiff, to
testify in general language that, at the time of the settlement,
defendant was paid in full by L.

Appeal from a judgment of a justice's court rendered in
favor of plaintiff.

Jordan & Cassedy, for appellant.

Charles A. Stone, for respondent.

MOORE, J.   This is an appeal from a judgment of a justice's court, rendered in favor of the plaintiff against the defendant, upon the verdict of a jury, for the sum of forty dollars and costs, on the 19th day of December, 1900.

The action was brought to recover forty dollars, the purchase price of a team of horses and other personal property, sold by plaintiff to defendant.

Shortly after the rendition of the judgment an appeal was taken to this court and argued before the then county judge. A decision was not handed down, and it would appear that the original papers have been mislaid and cannot be found.

In the year 1907 an application was made by the plaintiff for an order dismissing the appeal, due notice of the motion being served upon defendant's attorneys. The defendant made no appearance and an order was granted by this court, September 24, 1907, dismissing the appeal. Subsequently defendant, upon affidavit showing good reason therefor, made application for an order vacating the order of September 24, 1907, and granting a hearing of the appeal upon the merits. Upon the hearing on that motion the order of September 24, 1907, was vacated, with ten dollars costs to the respondent (although the order has not, as yet, been signed), and it was agreed by the respective parties that this appeal should be heard upon the merits upon a copy of the return produced by the attorneys, although copies of the pleadings and of certain other papers are lacking, which pleadings and papers were contained in the original return. What purports to be copies of the pleadings are, however, contained in a brief submitted by respondent. The defendant's attorney, Mr. Jordan, on argument, made some suggestions to the effect that he had filed, at the time of the trial, an amended answer, now missing, setting up more fully a claimed accord and satisfaction.

The purchase price of the property sold was not paid at the time of the delivery of the property to the defendant,

but subsequently the parties met in Little Falls, N. Y. Plaintiff called defendant's attention to the indebtedness, and defendant said he would give plaintiff an order on one Little. It appears that Little was indebted to defendant in an amount exceeding forty dollars for lumber sold, and the plaintiff had an account with Little. The plaintiff and defendant went over to Little's office and found there one Kingsbury who was Little's bookkeeper. By agreement between plaintiff and defendant, Kingsbury was asked to charge the defendant's account with Little with the sum of forty dollars, and to credit the plaintiff's account with Little with the like amount. The bookkeeper said that he would do it, it was understood that Little was to pay forty dollars to plaintiff in this way, and the plaintiff and defendant went out together. No written memorandum or entry was made at the time.

This is the transaction as testified to by plaintiff. The testimony of defendant practically agrees with it. Kingsbury had been employed by Little for nearly four years and did about all the business with defendant, settled his accounts with him for lumber delivered, and, generally, was authorized to transact Little's business.

None of these facts seems to be seriously questioned by either party, but they differ widely as to the legal deductions to be made from them. The defendant claims that they constituted an accord and satisfaction of his indebtedness to plaintiff; and the plaintiff claims that at most they made Little surety for the payment of the debt, and that defendant remained the principal obligor and is still indebted to the plaintiff.

If these were the only facts contained in the record, the verdict should have been for the defendant. The transaction was not one whereby Little became surety for defendant's obligation, not enforceable because void under the Statute of Frauds, as respondent claims; but it was clearly an agreement whereby the indebtedness of Little to defendant was at once reduced in amount forty dollars, and the plaintiff entitled to a credit of forty dollars on his account with Little, in settlement of the indebtedness of defendant to plaintiff.

That was what the parties intended to accomplish when they went to Little's office, and that was the legal effect of what was done there. A new and distinct contract was made, and new relations arose out of it. It was a completed agreement. The minds of the parties met, and it required no entries upon the books of Little, *eo instanti,* to make it binding and effectual upon all three of them.

Plaintiff asserts that, even if there were an accord and satisfaction, the defendant cannot avail himself of it because he did not plead it. The defendant, in his answer, alleges " that prior to the commencement of this action the plaintiff was fully paid and satisfied and discharged, and the plaintiff and defendant settled and adjusted said claim, and the defendant was released and discharged from said claim and the whole thereof."

It would have been better had the answer set up the claimed accord and satisfaction with more particularity, but under the present liberal system of pleading it would seem that this allegation was sufficient (Lindsay v. Gager, 11 App. Div. 93), and especially so in view of the fact that the same strict rules are not exacted in justice's court that sometimes obtain in courts of record. Besides, no objection was raised at the trial to the admission of any of the testimony upon this ground, and accordingly none can be raised here. Niggli v. Frehry, 83 Hun, 269.

The defendant testified that, when he settled his accounts with Little, Little had him charged with the forty-dollar item, and that it was deducted from the amount due him. This, if true, was in exact accordance with the agreement made at Little's office. The only evidence which at all conflicts with it was furnished by the bookkeeper, Kingsbury, who was recalled by the plaintiff in rebuttal, and, under objection, testified as follows: " Q. Did Mr. Shulenburgh leave forty dollars with you to pay the plaintiff for the horses as he testified? A. He did not. * * * Q. At the time of the settlement between defendant and Little was defendant paid in full by Mr. Little? A. He was."

Notwithstanding the fact that there had been an agreement which, standing alone, would operate as an accord and sat-

isfaction, if the defendant saw fit to repudiate it by collecting from Little the money which he had ordered appropriated to pay his obligation to plaintiff, he should respond to plaintiff for the same, and not compel plaintiff to seek recourse from Little. The plaintiff testified that he never received his pay from Little or anyone else.

If Kingsbury intended to say that the defendant did not leave forty dollars with him, it is of no importance, for there is no claim that the defendant did. If he intended to assert that no such agreement was entered into as was testified to by both plaintiff and defendant, a judgment based upon such testimony would be against the weight of the evidence, in view of the other evidence Kingsbury gave upon the trial.

Nor should he have been permitted to testify, in general language, that, at the time of the settlement between defendant and Little, defendant was paid in full by Little. He should not have been allowed to characterize the transaction in that general way, but should have given the facts and figures showing the settlement that was made. His statement could be literally and exactly true whether the forty-dollar item was charged to the defendant and deducted from the amount due him, or whether it was not; and whether the defendant did or did not receive the benefit of the forty dollars in his settlement with Little is the vital point in the case. It is impossible to say what force and effect may have been given to this testimony by the jury, and the defendant may have been greatly prejudiced by its admission.

It is argued that defendant's motion for a nonsuit, at the conclusion of the plaintiff's case, should have been granted. Even if so its denial does not constitute reversible error; for, on all the evidence in the case, it was properly denied. Tiffany v. St. John, 65 N. Y. 314.

For the reasons above stated the judgment must be reversed and a new trial had.

The order of this court, granted herein September 24, 1907, is vacated, with ten dollars costs to the respondent.

The judgment herein is reversed and a new trial granted, with costs of this appeal to the appellant to abide the event.

The new trial shall be had before a justice of the peace of Montgomery county to be designated in the order, and at a time and place to be therein specified.

Judgment reversed and new trial ordered with costs to appellant to abide event.