### HIRSCH et al. v. JACOBY.

(Supreme Court, Appellate Term, First Department. December 23, 1913.)

BROKERS (§ 24*)—ORDERS TO SELL—LOSS FROM DISOBEDIENCE.

> Statement of a customer to brokers carrying stocks for him on margin, that he was going away, and did not want to lose any more than they had to his credit, otherwise he would not be responsible, amounts to an order to sell, so that they, not selling till the loss exceeded his margin with them, cannot recover of him the difference.

> [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 19; Dec. Dig. § 24.*]

Appeal from City Court of New York, Trial Term.

Action by Charles S. Hirsch and others, partners as Hirsch, Lilienthal & Company, against Joseph Jacoby. From a judgment on a verdict directed for plaintiffs, defendant appeals. Reversed and dismissed.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Maurice Meyer, of New York City (Arthur C. Kahn, of New York City, of counsel), for appellant.

Mark G. Holstein, of New York City, for respondents.

PAGE, J. This is an action brought by the plaintiffs, a firm of stockbrokers, to recover an alleged balance of $620.29 on an account which they were carrying for the defendant for speculation in stocks on margin. It is not disputed that on August 29, 1912, the plaintiffs held for the defendant's account 100 shares of Brooklyn Rapid Transit stock and 100 shares of Seaboard Air Line stock with a margin of between $200 and $300 credit. The defendant's account was placed with the plaintiff through one Benjamin L. Sinsheimer, who was a personal friend of the defendant and was employed by the plaintiffs as a clerk for the purpose of receiving and handling accounts in their

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

name for customers. Sinsheimer took charge of the defendant's account for the plaintiffs with their knowledge and consent. It is not disputed, furthermore, that on August 29th, when the defendant still had several hundred dollars to his credit in the account, he said to Sinsheimer, the plaintiff's agent:

"I am going on a trip, and I will be gone possibly from six to eight weeks. You have a few hundred dollars to my credit there. I do not want to lose any more than you have to my credit, otherwise I will not be responsible."

To which Sinsheimer replied:

"All right, I will do it."

The defendant then went South, and on September 3d he telegraphed the plaintiffs from Louisville, Ky.:

"Inform Sinsheimer not lose more than have to my credit."

The obvious meaning of these instructions is shown by the plaintiffs' reply to this telegram, which states:

"We received your telegram to-day from Louisville. * * * Upon receipt of same we immediately put in an order to sell 100 Seaboard Air Line Pfd. at 53 as your debit balance is about $5,283."

The stock was sold subsequently at a loss of $620.29, which the plaintiffs seek to recover from the defendant. The defense is that the plaintiffs failed to follow the instructions given to Sinsheimer on August 29th as above shown.

The plaintiffs moved for a direction of a verdict on the ground that no defense was shown, which is equivalent to a demurrer to the evidence produced by the defendant. The court granted the motion and directed a verdict holding that the facts proved did not constitute a defense. This was clearly error. It is well settled that, when stocks are carried upon margin, not alone does there exist the relation of pledgor and pledgee, between the broker and customer, but also the relation of principal and agent, and when the customer gives instructions tending to limit his loss the broker is precluded from recovering from the customer losses which would have been obviated had the instructions been reasonably followed. In Zimmerman v. Heil, 86 Hun, 114, 33 N. Y. Supp. 391, affirmed on opinion below 156 N. Y. 703, 51 N. E. 1094, which is very similar to the case at bar, it is held that a statement by the client "that he could not afford to deposit more margin, and that he would not lose more than he had lost, amounted in effect to an order to sell" and was sufficient to support a finding by the jury that the brokers were instructed to sell. In the case at bar the defendant's admitted instructions not to lose more than he had to his credit, imposed a duty upon the plaintiffs to sell the stock which they were holding for him at a price which would prevent further loss. They so construed and followed the instructions sent in the same language on September 3d after it was too late, and offer no excuse for their failure to do so on August 29th when the order was first given. This, in my opinion, constituted a complete defense to the action.

The judgment appealed from must therefore be reversed, with costs to the appellant, and the complaint dismissed, with costs. All concur.